1  Kimberly A. Kamel, WSBA No. 30041
2  Maximillian K. Archer, WSBA No. 54081
   WITHERSPOON KELLEY
3  422 W. Riverside Ave., Ste. 1100
   Spokane, WA 99201
4  Telephone: (509) 962-5265
5  Facsimile: (509) 458-2728
   kak@witherspoonkelley.com
6  mka@witherspoonkelley.com
7
   *Counsel for Plaintiff VMRD, Inc.*
8
9
10          **UNITED STATES DISTRICT COURT**
            **EASTERN DISTRICT OF WASHINGTON**
11

| | |
|---|---|
| 12  VMRD, INC., a Washington corporation, | NO. |
| 13              Plaintiffs, | |
| 14       v. | COMPLAINT |
| 15  PIVETDX, INC., a Washington | (Violation of the Defend Trade |
| 16  corporation, SAMPATH SRIKANTH and | Secrets Act of 2016; Violation of |
|     DANA SRIKANTH, individually and as | Washington's Uniform Trade Secrets |
| 17  husband and wife, and JOANNA | Act; Breach of Contract; Tortious |
| 18  RZEPKA and GRZEGORZ RZEPKA, | Interference with Contract and |
|     individually and as husband and wife, | Business Expectancy; Breach of |
| 19  | Fiduciary Duties; and Injunctive |
| 20              Defendants. | Relief) |
| 21 | |

22
23       The Plaintiff, VMRD, Inc., a for profit corporation, organized under the laws
24  of the State of Washington, by and through its undersigned counsel, alleges, avers,
25  and states:
26
27

COMPLAINT: 1

**WK** WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.**624.5265**
Spokane, Washington 99201-0300    Fax: 509.**458.2728**

## I.    THE PARTIES & THEIR RELATIONSHIPS WITH ONE ANOTHER

1.1    The Plaintiff, VMRD, Inc. ("VMRD"), is a family-owned, USDA-licensed veterinary diagnostics and products company that has operated out of Pullman, Washington since 1981.

1.2    Among other business lines, VMRD manufactures vialed reagents for biological testing; VMRD does so by (i) sourcing empty vials; (ii) sourcing or manufacturing the vial contents; (iii) sourcing vial caps; (iv) sourcing and printing labels; and (v) using VMRD's machinery to fill, cap, and label the vials so they are ready for use.

1.3    Until recently, VMRD has manufactured vialed reagents for use in veterinary medicine; however, in response to the COVID-19 pandemic VMRD retrofit its manufacturing line to create ready-to-use specimen vials for use in COVID-19 testing for humans.

1.4    Creating vials for COVID-19 testing was (and remains) a profitable business line for VMRD.

1.5    The Defendant, Sampath Srikanth, DVM, PhD ("Dr. Srikanth"), was hired as VMRD's at-will Vice President of Products on or about May 18, 2015.

1.6    As a result of the events giving rise to this suit, VMRD terminated Dr. Srikanth on or about June 9, 2020.

COMPLAINT: 2

**WK WITHERSPOON·KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

1.7    Dr. Srikanth and his wife, Defendant Dana Srikanth, (collectively, the "Srikanths") are a marital community residing together in Pullman, Washington.

1.8    The Defendant, Joanna Rzepka, PhD ("Dr. Rzepka"), was formally hired as an at-will, full-time Research Scientist by VMRD on or about January 2, 2013

1.9    As a result of the events giving rise to this suit, VMRD terminated Dr. Rzepka on or about June 9, 2020.

1.10    Dr. Rzepka and her husband, Defendant Grzegorz Rzepka, (collectively, the "Rzepkas") are a marital community residing together in Pullman, Washington.

1.11    In or about March 2020, opportunities arose for VMRD to expand its production of specimen vials for COVID-19 testing; however, Drs. Srikanth and Rzepka acted in concert to prevent VMRD from fully capitalizing on the opportunities.

1.12    Drs. Srikanth and Rzepka became aware of these opportunities solely because of their employment with VMRD, solely through their interactions with VMRD's vendors and customers, and solely in their capacity as employees and agents for VMRD.

1.13    In May 2020, Drs. Srikanth and Rzepka formed the Defendant PIVETDX, Inc. ("PIVETDX") as a Washington State for profit corporation.

COMPLAINT: 3



1.14   Dr. Srikanth, Dr. Rzepka, and their spouses are owners and operators of PIVETDX.

1.15   PIVETDX's principal place of business is located in Pullman, Washington – approximately 5 miles from VMRD.

1.16   Neither Dr. Srikanth nor Dr. Rzepka informed VMRD's management that they had formed PIVETDX.

1.17   Since its formation, PIVETDX has manufactured vials with the same solution used for COVID-19 testing as VMRD.

1.18   Since its formation, PIVETDX has taken and usurped opportunities to manufacture additional vials for COVID-19 testing – the very opportunities that Drs. Srikanth and Rzepka caused VMRD not to capitalize on during their employment.

1.19   Drs. Srikanth and Rzepka have misappropriated VMRD's trade secrets and confidential information and used those secrets and information to all five of the Defendants' benefit – and to VMRD's detriment.

## II.    JURISDICTION AND VENUE

2.1    This action arises under the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836 (the "DTSA"); this action, therefore, presents a federal question over which the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

COMPLAINT: 4



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

2.2     All claims and causes of action in this action arise from a common nucleus of operative fact; the Court, therefore, has supplemental jurisdiction over VMRD's state law claims pursuant to 28 U.S.C. § 1367, and all claims and causes of action asserted herein are part of the same case or controversy under Article III of the United States Constitution.

2.3     Venue properly lies within the Eastern District of Washington pursuant to 28 U.S.C. § 1391(b)(1), (c), and (d), as all of the Defendants reside within the Eastern District of Washington.

2.4     Venue properly lies with this Court pursuant to 28 U.S.C. § 1391(b)(2) because all or substantially all of the pertinent acts occurred within the Eastern District of Washington.

2.5     The Court has general personal jurisdiction over the Defendants, as all of the Defendants reside within the State of Washington.

2.6     The Court also has specific personal jurisdiction over the Defendants because all of the conducts and transactions that are relevant to this action occurred within the State of Washington.

COMPLAINT: 5

**WK  WITHERSPOON·KELLEY**

Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

### III. FACTS

**A. SINCE 1981, VMRD HAS BEEN OWNED BY, AND AN EMPLOYER OF, FAMILIES IN PULLMAN, WASHINGTON.**

3.1 VMRD was formed in 1981, by D. Scott Adams and Travis McGuire; since then, the company has been solely owned by the Adams family.

3.2 Since its formation, VMRD has been a member of the business community in Pullman, Washington.

3.3 VMRD provides jobs for over 50 professionals in the Pullman, Washington area.

**B. THE LONGHORN PROJECT.**

3.4 Longhorn Vaccines & Diagnostics, LLC ("Longhorn") is the company that brought the COVID-19 testing opportunity to VMRD.

3.5 Longhorn and VMRD first encountered, and became familiar with, one another at various trade shows and conferences.

3.6 In or about March 2020, Longhorn informed VMRD that its patented preservative solution was being used to safely test humans for COVID-19. Longhorn further explained that it could not fill vials with the solution fast enough to meet the demand, and proceeded to ask if VMRD would agree to manufacture and distribute vials of the solution.

COMPLAINT: 6

**WK WITHERSPOON·KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

3.7    On or about April 1, 2020, VMRD contacted Longhorn and agreed to vial and distribute the solution for Longhorn at $1.50 per vial (the "Longhorn Project").

3.8    Over the course of the next three weeks, VMRD built machines by hand to effectively manufacture vials of Longhorn's solution.

3.9    On or about April 27, 2020, VMRD manufactured the first 21,500 vials.

3.10    VMRD hired approximately 73 workers from a temp agency to assist with the Longhorn Project.

3.11    By early-May 2020, VMRD had fine-tuned its operation such that it was manufacturing and distributing 300,000 vials per week with the solution.

3.12    VMRD grossed approximately $1,800,000.00 from the Longhorn Project alone in the month of May 2020. In its nearly 40-year history, VMRD had never grossed more in one month.

3.13    Because of the lucrative nature of the Longhorn Project, VMRD agreed to pay Dr. Srikanth a bonus equal to five percent of the net profit. VMRD also granted Dr. Srikanth the discretion to award three percent of the net profit to other helpful VMRD employees, namely, Dr. Rzepka. Dr. Srikanth exercised this discretion to award two percent of the net profit to Dr. Rzepka.

COMPLAINT: 7



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

## C.   DRS. SRIKANTH AND RZEPKA DEFECT FROM VMRD TO FORM PIVETDX.

3.14   Shortly after VMRD commenced the Longhorn Project in April 2020, Drs. Srikanth and Rzepka conspired to usurp from VMRD additional vial filling opportunities under the Longhorn Project.

3.15   Drs. Srikanth and Rzepka formed PIVETDX with their spouses and acted in concert to: (1) copy VMRD's confidential vendor list; (2) contact at least two of the confidential vendors; (3) prevent Longhorn from executing contracts with VMRD; and (4) incorporate VMRD's profit and loss projections and business plan into an excel spreadsheet outlining PIVETDX's operational plan.

3.16   During this time, VMRD considered leasing additional facilities to manufacture more vials for Longhorn. One of the facilities considered by VMRD is the one now being used by PIVETDX. VMRD also considered using a different type of vial to increase its supply for Longhorn.

3.17   When presented with these plans and opportunities, Dr. Srikanth advised VMRD leadership that it could not, and should not, grow its operations. VMRD trusted Dr. Srikanth; deferred to his judgment and expertise as VP of Products; and, as a consequence, VMRD did not pursue any of these opportunities further.

WK WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

3.18   In or about May 2020, Drs. Srikanth and Rzepka discreetly offered to replicate VMRD's operation and to manufacture additional vials of solution for Longhorn at $1.50 per vial.

3.19   In early-June 2020, VMRD held an executive meeting in which it discussed acquiring more space and a strong desire to ramp up its operations under the Longhorn Project.

3.20   At the executive meeting, Dr. Srikanth advised VMRD that he was unsure how long the Longhorn Project would continue and expressed a desire to wind down the Longhorn Project.

3.21   On or about June 5, 2020, Longhorn agreed to commit over $3,000,000.00 to Dr. Srikanth, Dr. Rzepka, and their new vialing operation: PIVETDX.

3.22   Upon information and belief, in early-June 2020, while still employed at VMRD, Defendants leased, or made plans to lease, the same Pullman facility that VMRD once considered using and began manufacturing vials under the name PIVETDX.

3.23   The vials being filled by the Defendants are vials that VMRD could have, and would have, manufactured for Longhorn had the Defendants not unlawfully interfered.

COMPLAINT: 9



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

**D.    TERMINATION OF DRS. SRIKANTH AND RZEPKA.**

3.24    Dr. Rzepka's at-will employment as a Research Scientist for VMRD began on or about January 2, 2013, when she duly executed the Employment, Confidentiality, and Invention Assignment Agreement attached hereto as **Exhibit A** (the "Rzepka Agreement").

3.25    The terms of the Rzepka Agreement are hereby incorporated into this Complaint and alleged by reference.

3.26    Dr. Srikanth's at-will employment as VMRD's Vice President of Products began on or about May 18, 2015, when Dr. Srikanth executed the Employment, Confidentiality, and Invention Assignment Agreement attached hereto as **Exhibit B** (the "Srikanth Agreement").

3.27    On June 9, 2020, VMRD terminated Drs. Rzepka and Srikanth for their actions complained of herein.

3.28    During their respective exit meetings, Drs. Srikanth and Rzepka acknowledged their involvement with PIVETDX, as well as their intention to manufacture vials with Longhorn's solution.

## IV.    CLAIMS

**A.    BREACH OF CONTRACT (DRS. RZEPKA AND SRIKANTH).**

4.1    VMRD hereby re-alleges and re-states the allegations above.

4.2    The Srikanth and Rzepka Agreements are valid and enforceable.

COMPLAINT: 10



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.**624.5265**
Spokane, Washington 99201-0300    Fax: 509.**458.2728**

4.3   Drs. Rzepka and Srikanth are unlawfully disclosing confidential

VMRD information to other persons and companies, including, but not limited to,

Defendants Grzegorz Rzepka, Dana Srikanth, and PIVETDX.

4.4   Drs. Rzepka and Srikanth are unlawfully using and otherwise

misappropriating confidential VMRD information for their own benefit and to

VMRD's detriment.

4.5   While still employed at VMRD, Drs. Rzepka and Srikanth unlawfully

interfered with VMRD's business. Such interfering activities include, but are not

limited to:

- Usurping a multi-million-dollar vial manufacturing opportunity with Longhorn;

- Preparing to open and/or opening a vial manufacturing facility five miles from VMRD's principal place of business;

- Contacting VMRD's confidential vendors and/or clients;

- Falsely advising VMRD that it should not grow its operations and manufacture more vials for Longhorn;

- Using the confidential methods, designs, and procedures that VMRD used to build vial manufacturing machines in order to purchase and/or modify their own machines to manufacture vials for Longhorn

- Preventing Longhorn from executing contracts with VMRD for the Longhorn Project;

- Soliciting business from Longhorn; and

COMPLAINT: 11

- Soliciting each other to work at PIVETDX.

4.6    Drs. Srikanth and Rzepka are currently engaged in the interfering and unlawful conduct described in Paragraph 4.5 of this Complaint.

4.7    Upon information and belief, Drs. Rzepka and Srikanth took and/or unlawfully recreated VMRD's property, including, not limited to, VMRD's vendor list and the business plan and profit and loss projection referenced in Paragraph 3.15 of this Complaint.

4.8    Dr. Srikanth's foregoing conduct constitutes willful, deliberate, and material breaches of the Srikanth Agreement. VMRD specifically alleges, without limitation, that Dr. Srikanth breached Paragraphs 2, 4, 5, 7, and 8 of the Srikanth Agreement.

4.9    Dr. Rzepka's foregoing conduct constitutes willful, deliberate, and material breaches of the Rzepka Agreement. VMRD specifically alleges, without limitation, that Dr. Rzepka breached Paragraphs 2, 4, 5, 7, and 8 of the Rzepka Agreement.

4.10    Dr. Srikanth's breaches of contract caused damages requiring injunctive relief and money damages in an amount to be proven at trial.

4.11    Dr. Rzepka's breaches of contract proximately caused damages requiring injunctive relief and money damages in an amount to be proven at trial.



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100      Phone: 509.624.5265
Spokane, Washington 99201-0300           Fax: 509.458.2728

**B.    BREACH OF FIDUCIARY DUTIES (DR. SRIKANTH).**

4.12    VMRD hereby re-alleges and re-states the allegations above.

4.13    Dr. Srikanth owed a fiduciary duty of loyalty, care, and good faith to VMRD as its VP of Products.

4.14    Dr. Srikanth breached his fiduciary duties by usurping VMRD's corporate opportunities and by engaging in the conduct alleged in Paragraphs 4.3-4.7 of this Complaint.

4.15    By breaching his fiduciary duties, Dr. Srikanth proximately caused damages requiring injunctive relief and money damages in an amount to be proven at trial.

**C.    TORTIOUS INTERFERENCE (ALL DEFENDANTS).**

4.16    VMRD hereby re-alleges and re-states the allegations above.

4.17    The Rzepkas, the Srikanths, and PIVETDX (collectively, "Defendants") owe VMRD a duty not to interfere with VMRD's business contracts and expectancies.

4.18    VMRD has, and had at all relevant times herein, a contract to manufacture and distribute vials for Longhorn.

4.19    VMRD has, and had at all relevant times herein, a business expectancy with Longhorn with a probability of future economic benefit to VMRD.

COMPLAINT: 13



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100        Phone: 509.**624.5265**
Spokane, Washington 99201-0300        Fax: 509.**458.2728**

4.20   Defendants knew of VMRD's contract with Longhorn.

4.21   Defendants knew that VMRD reasonably expected to derive future economic benefits from its relationship Longhorn.

4.22   By engaging in the conduct alleged in Paragraphs 4.3-4.7 of this Complaint, Defendants intentionally induced Longhorn to commit over a million dollars to their unlawful vialing operation.

4.23   But for Defendants' intentional interference, Longhorn would have made the foregoing commitment to VMRD, as opposed to any of the Defendants.

4.24   Defendants' intentional interference was by improper means and for an improper purpose.

4.25   Defendants' intentional interference caused VMRD damages requiring injunctive relief and money damages in an amount to be proven at trial.

**D.   VIOLATION OF THE FEDERAL DEFEND TRADE SECRETS ACT (ALL DEFENDANTS).**

4.26   VMRD hereby re-alleges and re-states the allegations above.

4.27   In the course of its business, VMRD compiled trade secret information relating to its business, know-how, customer information, information regarding the skills and compensation of Plaintiff's employees, information regarding potential customers, financial information, operating information, and

COMPLAINT: 14

WK WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100   Phone: 509.**624.5265**
Spokane, Washington 99201-0300   Fax: 509.**458.2728**

information regarding VMRD's corporate opportunities (collectively, "VMRD's Trade Secrets").

4.28    VMRD's Trade Secrets specifically include, without limitation, VMRD's business relationship with Longhorn, the nature of the Longhorn Project, VMRD's vendors, and the processes and machinery used to manufacture vials with Longhorn's solution.

4.29    Defendants retained, used, disclosed, and otherwise misappropriated VMRD's Trade Secrets, thereby violating the Federal Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836.

4.30    Drs. Srikanth and Rzepka had a duty to maintain the secrecy of VMRD's Trade Secrets.

4.31    Drs. Srikanth and Rzepka had a duty to safeguard and maintain VMRD's Trade Secrets for the exclusive benefit of VMRD.

4.32    Dana Srikanth, Grzegroz Rzepka, and PIVETDX unlawfully acquired VMRD's Trade Secrets.

4.33    Dana Srikanth, Grzegroz Rezpka, and PIVETDX knew that they acquired, and are now using, VMRD's Trade Secrets by improper means, specifically, by way of Drs. Srikanth's and Rzepka's unlawful disclosure and use of same.

COMPLAINT: 15



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

4.34   VMRD made reasonable efforts to maintain the secrecy of its Trade Secrets.

4.35   VMRD did not expressly or impliedly consent to allow Defendants to retain, use, disclose, or otherwise misappropriate its Trade Secrets.

4.36   VMRD's Trade Secrets derive independent economic value, actual or potential, from not being generally known to the public.

4.37   VMRD suffered damages for actual loss caused by Defendants' misappropriation of VMRD's Trade Secrets.

4.38   Defendants are unjustly enriched by misappropriating VMRD's Trade Secrets. VMRD is entitled to restitution for this unjust enrichment.

4.39   In lieu of damages measured by any other methods, damages caused by Defendants' misappropriation may be measured by the imposition of liability for a reasonable royalty for Defendants' unauthorized disclosure and/or use of VMRD's Trade Secrets.

4.40   Defendants willfully and maliciously disclosed, used, and otherwise misappropriated VMRD's Trade Secrets. VMRD is entitled to recover double its actual damages pursuant to 18 U.S.C. § 1836(b)(3)(C).

4.41   Defendants willfully and maliciously disclosed, used, and otherwise misappropriated VMRD's Trade Secrets. VMRD is entitled to an award of its reasonable attorneys' fees pursuant to 18 U.S.C. § 1836(b)(3)(D).

COMPLAINT: 16

WK WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100      Phone: 509.624.5265
Spokane, Washington 99201-0300           Fax: 509.458.2728

4.42    Unless enjoined and restrained by this Court, Defendants and others acting in concert with them will proceed with the complained of acts.

4.43    Because of the difficulty of measuring both damages and future harm, VMRD has an inadequate remedy at law and is therefore entitled to an order enjoining the conduct of Defendants and others acting in concert with them.

**E.    VIOLATION OF WASHINGTON'S UNIFORM TRADE SECRETS ACT (ALL DEFENDANTS).**

4.44    VMRD hereby re-alleges and re-states the allegations above.

4.45    Defendants violated Washington's Uniform Trade Secrets Act, RCW 19.108 *et seq.* for the same reasons set forth in Paragraphs 4.27 – 4.36 of this Complaint. VMRD therefore specifically re-alleges and re-states these allegations.

4.46    VMRD suffered damages for actual loss caused by Defendants' misappropriation of VMRD's Trade Secrets.

4.47    Defendants are unjustly enriched by misappropriating VMRD's Trade Secrets. VMRD is entitled to restitution for this unjust enrichment.

4.48    Defendants willfully and maliciously disclosed, used, and otherwise misappropriated VMRD's Trade Secrets. VMRD is entitled to an award of reasonable attorneys' fees under RCW 19.108.040.

4.49    In lieu of damages measured by any other methods, damages caused by Defendants' misappropriation may be measured by the imposition of liability for

COMPLAINT: 17



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

a reasonable royalty for Defendants' unauthorized disclosure and/or use of

VMRD's Trade Secrets.

4.50  Defendants willfully and maliciously disclosed, used, and otherwise

misappropriated VMRD's Trade Secrets. VMRD is entitled to recover double its

actual damages pursuant to RCW 19.108.030.

4.51  Unless enjoined and restrained by this Court, Defendants and others

acting in concert with them will proceed with the complained of acts.

4.52  Because of the difficulty of measuring both damages and future harm,

VMRD has an inadequate remedy at law and therefore is entitled to an order

enjoining the conduct of Defendants and others acting in concert with them.

**F.    INJUNCTIVE RELIEF.**

4.53  VMRD hereby re-alleges and re-states the allegations above.

4.54  VMRD is likely to succeed on the merits of its claims, and the balance

of equities between the parties and the public interest weighs in favor of the

issuance of a preliminary and/or permanent injunction against Defendants.

4.55  By engaging in the conduct alleged in Paragraphs 4.3, 4.4, 4.5, 4.6,

and 4.27 – 4.36 of this Complaint, Defendants are causing VMRD to suffer

irreparable harm in various ways, including, but not limited to:

- The continued disclosure, use, and misappropriation of its confidential and/or proprietary information, e.g., VMRD's

COMPLAINT: 18



WK WITHERSPOON · KELLEY

Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.**624.5265**
Spokane, Washington 99201-0300    Fax: 509.**458.2728**

vendor list and process for manufacturing vials with Longhorn's solution;

- Using the confidential methods, designs, and procedures that VMRD used to build vial manufacturing machines from scratch in order to purchase and/or modify their own machines to manufacture vials for Longhorn;

- The loss of a multi-million-dollar business opportunity with Longhorn; and

- The possible solicitation and employment of other current VMRD employees.

4.56   Unless restrained by this Court, Defendants will continue the complained of acts.

4.57   Because of the difficultly of measuring both damages and future harm, VMRD has an inadequate remedy at law and is entitled to an order enjoining the conduct of Defendants.

## V.    **PRAYER FOR RELIEF**

WHEREFORE, VMRD prays for judgment as follows:

1.    That VMRD be awarded money damages against Defendants in an amount to be proven at trial;

2.    That VMRD's actual damages be determined, doubled, and awarded to VMRD if Defendants willfully and maliciously violated the Washington Uniform Trade Secrets Act (the "WUTSA") and Federal Defend Trade Secrets Act (the "DTSA");

COMPLAINT: 19



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100      Phone: 509.624.5265
Spokane, Washington 99201-0300           Fax: 509.458.2728

3.      That VMRD be awarded its reasonable attorney fees if Defendants willfully and maliciously violated the WUTSA and DTSA;

4.      That, in lieu of actual damages, VMRD be awarded a reasonable royalty for Defendants' unauthorized disclosure and use of VMRD's Trade Secrets;

5.      That VMRD be awarded restitution in the amount of Defendants' unjust enrichment from disclosing, using, and otherwise misappropriating VMRD's Trade Secrets;

6.      That Defendants be permanently enjoined from:

    i.      Retaining VMRD's Trade Secrets and be ordered to return that information and any keys or passwords needed to access same;

    ii.     Using, disclosing, or otherwise misappropriating VMRD's Trade Secrets;

    iii.    Soliciting, offering employment to, or employing current VMRD employees;

    iv.     Rescinding any offers of employment made to current VMRD employees;

    v.      Destroying or disposing of VMRD's property currently in Defendants' possession or control;

    vi.     Manufacturing vials for Longhorn; and

    vii.    Interfering with VMRD's business relationship with Longhorn.

COMPLAINT: 20

**WK** WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100      Phone: 509.**624.5265**
Spokane, Washington 99201-0300           Fax: 509.**458.2728**

1       7.    That VMRD be awarded its costs and disbursements and such other

2   relief as the Court may deem just and equitable.

3

4

5       DATED this 2nd day of July, 2020.

6

7               WITHERSPOON • KELLEY

8

9               Kimberly A. Kamel, WSBA No. 30041

10              Maximillian K. Archer, WSBA No. 54081

               Attorneys for VMRD, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

COMPLAINT: 21

WK **WITHERSPOON·KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300   Fax: 509.458.2728