Kimberly A. Kamel, WSBA No. 30041
Maximillian K. Archer, WSBA No. 54081
WITHERSPOON KELLEY
422 W. Riverside Ave., Ste. 1100
Spokane, WA 99201
Telephone: (509) 624-5265
Facsimile: (509) 458-2728
kak@witherspoonkelley.com
mka@witherspoonkelley.com
*Counsel for Plaintiff/Counter-Defendant*

Geana M. Van Dessel, WSBA No. 35969
Heather C. Yakely, WSBA No. 28848
KUTAK ROCK, LLP
510 Riverside Ave., Suite 800
Spokane, WA 99201
Telephone: (509) 747-4040
Facsimile: (509) 747-4545
geana.vandessel@kutakrock.com
heather.yakely@kutakrock.com
*Counsel for Defendants/Counter-Claimants*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VMRD, INC., a Washington corporation,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>PIVETDX, INC., a Washington corporation, SAMPATH SRIKANTH and DANA SRIKANTH, individually and as husband and wife, and JOANNA RZEPKA and GRZEGORZ RZEPKA, individually and as husband and wife,<br><br>　　　　　　Defendants. | NO. 2:20-CV-0240-TOR<br><br>**STIPULATED PROTECTIVE ORDER** |

STIPULATED PROTECTIVE ORDER: 1

```
_____
SAMPATH SRIKANTH and JOANNA
RZEPKA,

                Counter-Claimants,
    v.

VMRD, Inc., a Washington Corporation,

                Counter-Defendant.
```

1. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (hereinafter referred to as the "Agreement"). The parties acknowledge that this Agreement is consistent with Federal Rule of Civil Procedure 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things that are produced or otherwise exchanged and that are related to the Parties' respective trade secret or other confidential information: (1) the parties' respective vendor list(s); (2) the process(es), standard operating procedure(s), equipment, method(s), and instrumentalit(ies) used by either party to fill, label, and distribute vials with PrimeStore MTM for Longhorn Vaccines & Diagnostics, LLC (the

"Longhorn Project"); (3) the parties' respective profit & loss statements, balance sheets, bank statements, revenue/profit projections and forecasts, accounts payable, accounts receivable, accounting ledgers, and other confidential financial information; (4) documents in any of the Parties' respective employee/personnel files; (5) documents and correspondence related to the Parties' respective confidential inventions, projects, or research, including those unrelated to the Longhorn Project; (6) minutes from the Parties' respective executive meetings; and (7) correspondence or information enunciating facts referenced in (1) – (6) above.

All confidential material will be marked by Plaintiff and/or the Defendants as "Confidential" in the footer.

3.  SCOPE

The protections conferred by this Agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this Agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.  ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1  Basic Principles. A party that receives confidential material (the "Receiving Party") may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in

STIPULATED PROTECTIVE
ORDER: 3



422 W. Riverside Avenue, Suite 1100    Phone: 509.**624.5265**
Spokane, Washington 99201-0300          Fax: 509.**458.2728**

this Agreement. Confidential material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Agreement.

   4.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the party that designated the material as confidential (the "Designating Party"), the Receiving Party may disclose any confidential material only to:

    (a) the Receiving Party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation, after they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed Exhibit A;

    (d) the Court, court personnel, and court reporters and their staff;

    (e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service provider signs Exhibit A;

    (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed Exhibit A, unless otherwise agreed by the Designating Party or ordered by the Court. Each page of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be marked "CONFIDENTIAL" and may not be disclosed to anyone except as permitted under this Agreement;

STIPULATED PROTECTIVE
ORDER: 4



(g) the author of the confidential material or a custodian or other person who otherwise possessed or knew the information in the confidential material, after signing Exhibit A.

4.3 <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing confidential material in court filings, the filing party shall confer with the Designating Party to determine whether the Designating Party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the Designating Party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. A party who seeks to maintain the confidentiality of its information must satisfy the governing standards in the Eastern District of Washington and the Ninth Circuit. The parties do not seek to change the burden or the governing law through this stipulated order. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this Agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Agreement.

STIPULATED PROTECTIVE ORDER: 5



422 W. Riverside Avenue, Suite 1100    Phone: 509.**624.5265**
Spokane, Washington 99201-0300    Fax: 509.**458.2728**

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Agreement must be clearly so designated before or when the material is disclosed or produced.

(a)    Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)    Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the

STIPULATED PROTECTIVE
ORDER: 6



transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Agreement for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Agreement.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a

STIPULATED PROTECTIVE
ORDER: 7



certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

      6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the Designating Party may file and serve a motion to retain confidentiality under Eastern District of Washington Local Civil Rule 7. The burden of persuasion in any such motion shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

7.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

    (a)    promptly notify the Designating Party in writing and include a copy of the subpoena or court order;

    (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Agreement. Such notification shall include a copy of this Agreement; and

    (c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose confidential material may be affected.

STIPULATED PROTECTIVE ORDER: 8



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.**624.5265**
Spokane, Washington 99201-0300    Fax: 509.**458.2728**

8. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this Agreement, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a party producing documents gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or Agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. <u>NO PREJUDICE</u>

(a) Entering this Agreement, agreeing to and/or producing or receiving CONFIDENTIAL material or otherwise complying with this Agreement shall not operate as an admission by any Party that (i) material marked CONFIDENTIAL contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information; (ii) material marked CONFIDENTIAL contains or reflects information that if disclosed would cause



harm or be likely to cause harm to the Producing Party; and (iii) the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any Party to be "CONFIDENTIAL".

(b)    Entering this Agreement, agreeing to and/or producing or receiving CONFIDENTIAL material or otherwise complying with this Agreement shall not prejudice in any way the rights of any Party to (i) object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Agreement; (ii) seek a determination by the Court whether any information or material should be subject to the terms of this Agreement; (iii) object to the production of documents they consider not to be subject to discovery; (iv) object to discovery believed to be improper, including objections based upon the confidential or privileged nature of the information, or (iv) petition the Court for a further protective order relating to any purportedly confidential or protected information.

(c)    Entering this Agreement does not limit a Party's right to grant others access to a Party's own documents and information.

10.    <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each Receiving Party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

STIPULATED PROTECTIVE ORDER: 10



The confidentiality obligations imposed by this Agreement shall remain in effect until a Designating Party agrees otherwise in writing or a court orders otherwise.

The parties agree to treat this stipulated order as a binding, enforceable order even before the Court approves it.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 10th day of December, 2020.

**WITHERSPOON KELLEY**

By: */s/ Kimberly A. Kamel*
Kimberly A. Kamel, WSBA No. 30041
Maximillian K. Archer, WSBA No. 54081
422 W. Riverside Ave., Ste. 1100
Spokane, WA 99201
Telephone: (509) 624-5265
kak@witherspoonkelley.com
mka@witherspoonkelley.com
*Counsel for Plaintiff VMRD, Inc./Counter-Defendant*

**KUTAK ROCK, LLP**

By: *s/ Geana M. Van Dessel*
Geana M. Van Dessel, WSBA No. 35969
Heather C. Yakely, WSBA No. 28848
510 Riverside Ave., Suite 800
Spokane, WA 99201
Telephone: (509) 747-4040
Geana.VanDessel@KutakRock.com
Heather.Yakely@KutakRock.com
*Counsel for Defendants/Counter-Claimants*

STIPULATED PROTECTIVE ORDER: 11



422 W. Riverside Avenue, Suite 1100    Phone: 509.**624.5265**
Spokane, Washington 99201-0300    Fax: 509.**458.2728**

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any privileged documents in this proceeding shall not, for the purposes of this proceeding or any other administrative, federal or state proceeding, constitute a waiver of any privilege by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. The provisions of Federal Rule of Civil Procedure 26(b)(5)(B), authorizing the clawback of any inadvertently produced document, irrespective of the care exercised by the Producing Party, and requiring its immediate return, shall apply to all discovery produced in this proceeding. Further, inadvertent production, regardless of the care exercised by the Producing Party, shall not be asserted as a ground for seeking an order later compelling production of the material inadvertently disclosed.

DATED: December 11, 2020.

Thomas O. Rice
United States District Judge

STIPULATED PROTECTIVE ORDER: 12

WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of Washington on _____ in the case of VMRD, Inc. v. PIVETDX, Inc. et al., NO. 2:20-cv-00240-TOR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER: 13



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.**624.5265**
Spokane, Washington 99201-0300    Fax: 509.**458.2728**